IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEITH TITUS,

    Plaintiff,

v.

SILVERPOINT MANAGEMENT, LLC,

    Defendant.

Civil Action No.


JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW, Keith Titus ("Plaintiff" or "Ms. Herring-Croom"), and files this Complaint against Defendant Silverpoint Management, LLC ("Defendant"), and shows the following:

## I.    NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendants' unlawful discrimination in violation of 42 U.S.C. § 1981 ("Sec. 1981").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Defendants are subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia and has conducted business within this District all times material hereto.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Vcorp Agent Services, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

## V.     FACTUAL ALLEGATIONS

7.

Plaintiff began working for Defendant in or around June 2021, as a maintenance technician.

8.

Plaintiff is African-American/Black.

9.

In or around early October 2021, Plaintiff was promoted to maintenance supervisor, and received a raise in his hourly pay rate.

10.

In or around November 11, 2021, Patricia Cosby, an Area Property Manager, told Plaintiff that Nachi Rubin, the Senior Asset Manager wanted a certain demographic in the office. When asked to clarify what a "certain demographic" meant, Ms. Cosby said that the company was removing certain types of people and putting other people in.

11.

Almost everyone that worked at my location was African-American/Black at this time.

12.

Following this statement, multiple African-American employees were terminated or demoted, and replaced by non-black workers, e.g. Hispanic workers.

13.

In or around early January 2022, Plaintiff was demoted back to a maintenance technician position, and his hourly rate was reduced accordingly. The supervision position Plaintiff had held was then filled with a Hispanic employee.

14.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

15.

Others outside of the Plaintiff's protected class were treated differently.

## VI.   CLAIMS FOR RELIEF

### COUNT TWO:  RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

16.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

17.

Defendant subjected Plaintiff to discrimination on the basis of his race, including demoting Plaintiff and replacing him with an Hispanic worker.

18.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. § 1981.

19.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely affect Plaintiff's status as an employee because of his race.

20.

As a direct and proximate result of these actions, Plaintiff has suffered economic and non-pecuniary damages.

21.

Defendant has acted with malice and reckless indifference to Plaintiff's federal protected rights. Plaintiff is therefore entitled to punitive damages.

## VII.  <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)    General damages for mental and emotional suffering caused by Defendants' unlawful conduct;

(b)    Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c)    Damages for lost wages and benefits and prejudgment interest thereon;

(d)    Reasonable attorneys' fees and expenses of litigation;

(e)    Trial by jury as to all issues;

(f)    Prejudgment interest at the rate allowed by law;

(g)    Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h)    Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i)    All other relief to which he may be entitled.

Respectfully submitted, this 9th day of March, 2022.

**BARRET & FARAHANY**

s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

*Attorney for Plaintiff*

PO BOX 530092,
Atlanta, GA 30343-0092 (404) 214-0120
severin@justiceatwork.com